UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
AMERICAN POSTAL WORKERS UNION,  )
AFL-CIO                         )
1300 L Street, N.W.             )
Washington, D.C. 20005,         )
                                )
        Plaintiff,            )
                                )
        v.                    )   Civil Action No.
                                )
UNITED STATES POSTAL SERVICE,   )
475 L'Enfant Plaza, S.W.        )
Washington, D.C. 20260,         )
                                )
        Defendant.            )
_____)

## COMPLAINT

1. This is an action for breach of a collective bargaining agreement brought under the Postal Reorganization Act, 39 U.S.C. § 1208 (b), by the American Postal Workers Union, AFL-CIO ("APWU"), against the United States Postal Service ("Postal Service"), over the Postal Service's failure to comply with a final and binding arbitration award.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under the Postal Reorganization Act, 39 U.S.C. §§ 409 and 1208, and under 28 U.S.C. §§ 1331 and 1337.

3. Venue properly lies in this court pursuant to 39 U.S.C. § 1208 and 28 U.S.C. § 1391.

### PARTIES

4. Plaintiff APWU is an unincorporated labor organization with headquarters at 1300 L Street, N.W., Washington, D.C. 20005.

5.      Defendant Postal Service is an independent establishment of the executive branch of the United States government created by 39 U.S.C. § 201.  Postal Service headquarters are located at 475 L'Enfant Plaza, S.W., Washington, D.C. 20260.

## FACTUAL ALLEGATIONS

6.      At all material times, the APWU and the Postal Service have been parties to a collective bargaining agreement ("the National Agreement") that set forth the terms and conditions of employment of employees in bargaining units represented by the APWU at Postal Service facilities throughout the United States.

7.      The National Agreement provides for final and binding arbitration of unresolved grievances.

8.      On November 28, 2005, arbitrator Alan R. Krebs issued an award sustaining the grievance in Case No. E00C-4E-C 02224433 involving the reassignment of bargaining unit work to supervisors which stated in pertinent part:

> The grievance is sustained.  The Postal Service violated the National Agreement by reassigning timekeeping work from the clerk craft to supervisors at the Renton Post Office.  The employee who had performed the timekeeping duties at issue retired when TACS ["Time and Attendance Collection System"] was implemented.  Moreover, those duties have been substantially reduced with the new technology.  Some of the remaining duties were reassigned to clerks in the District Office.  The amount of bargaining unit work improperly assigned to supervisors is not evident from the facts presented.  In these circumstances, an award of back pay would be particularly problematic and would not be fair.  The Postal Service shall reassign the remaining timekeeping duties which had previously [sic] performed by Ms. Burns and is now being performed by supervisors back to the bargaining unit.

9.      In his findings of fact, Arbitrator Krebs found that former bargaining unit employee Millie Burns, among other things, corrected errors by inputting information into the

Electronic Time Card ("ETC") computer program and entered other attendance related information into the ETC computer.

10.  On February 17, 2006, the Postal Service proposed an arbitration settlement agreement to the APWU with the following language:

> Those EAS ["Executive and Administrative Schedule"; i.e., supervisor] duties directly associated with the new TACS technology will NOT be returned to the clerk craft. These duties include: online data entries, online error correction entries, online adjustments, etc., that are presently being entered directly into TACS by EAS employees.

11.  On March 2, 2006, the APWU rejected the Postal Service's February 17, 2006, settlement offer and filed a grievance demanding the Postal Service comply with the award.

12.  At all times after November 28, 2006, the Postal Service has failed and refused to comply with the award described in paragraph 8.

13.  By failing and refusing to comply with the award described in paragraph 8, the Postal Service has violated and continues to violate the National Agreement.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff APWU asks this Court to issue a decision and order:

(1)  Enforcing and directing the Postal Service to comply with the award described in paragraph 8.

(2)  Requiring the Postal Service to return all duties directly associated with the new TACS technology, currently being performed by supervisors to the clerk craft. These duties include, but are not limited to, online data entries, online error correction entries, online adjustments; and directing the Postal Service to make all impacted bargaining unit members whole for any and all losses sustained on account of its failure to comply with the award

3

described in paragraph 8, plus interest;

    (3)    Directing the Postal Service to pay in full the APWU's attorneys' fees and costs; and

    (4)    Granting the APWU such other and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

Date: _____    By: _____
    Lee W. Jackson (DC Bar No.436010)
    lwjackson@odsalaw.com

_____
Brenda C. Zwack (DC Bar No. 482673)
bzwack@odsalaw.com
1300 L Street, N.W., Suite 1200
Washington, D.C. 20005
(202) 898-1707/ fax: (202) 682-9276