UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
AMERICAN POSTAL WORKERS UNION,   )
AFL-CIO,                                       )
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )     Civil No. 06-00934 (RJL)
                                              )
UNITED STATES POSTAL SERVICE,    )
                                              )
            Defendant.                        )
_____     )

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

In accordance with Local Rule 7.1 (h), Plaintiff sets forth the following statement of

material facts as to which there is no genuine issue:

1.     Plaintiff and Defendant were party to a national collective bargaining agreement in effect

       from November 21, 2000, through November 20, 2006, ("the National Agreement") that

       set forth the terms and conditions of employment of employees in bargaining units

       represented by the American Postal Workers Union, AFL-CIO ("APWU") at various

       Postal Service facilities. (Compl. at ¶ 6; Answer at ¶ 6.) The National Agreement is

       negotiated by the parties at the national level. (Declaration of Donald Curtis Matt

       attached hereto as Attachment 1 ("Matt Dec.") at ¶ 3.)

2.     Article 15 of the National Agreement establishes a grievance procedure leading to

       arbitration before a neutral arbitrator in the event the parties are unable to otherwise

       resolve disputes under the National Agreement through the grievance procedure. (Compl.

       at ¶ 7; Answer at ¶ 7; Matt Dec. at ¶ 3.)

3.      Article 1, Section 6, of the National Agreement, with few exceptions, prohibits postal

        supervisors from performing bargaining unit work.  (Matt Dec. at ¶ 3 and Ex. A attached

        thereto.)

4.      In 1997, the Postal Service informed the APWU that it intended to replace its former time

        and attendance keeping systems with a new program called the Time and Attendance

        Collection System ("TACS").  (Matt Dec. at ¶ 4 and Ex. B attached thereto at p. 3.)

5.      On June 3, 2002, the Postal Service implemented TACS at its Post Office in Renton,

        Washington.  (Matt Dec. at ¶ 5 and Ex. B attached thereto at p. 4.)

6.      Up until the Postal Service implemented TACS in 2002, APWU clerks had performed

        significant timekeeping duties.  (Matt Dec. at ¶ 6.)  These duties included correction of

        errors in clock rings by inputting information into the timekeeping computer system;

        collection of documentation from employees who were late, absent or on leave and entry

        of this information into the computer system; entry of data regarding requests for

        temporary schedule changes into the computer system; printing out of computer reports;

        monitoring of overtime; maintenance of files; ordering badges for new employees; and

        related clerical duties. *Id*.

7.      When the Postal Service implemented TACS, it took most if not all of these duties away

        from the bargaining unit and reassigned the work to supervisors.  (Matt Dec. at ¶ 7.) Most

        notably, the Postal Service removed all data entry work from the bargaining unit and

        reassigned that work to supervisors.  *Id*.

8.      On June 27, 2002, APWU chief shop steward Donald Curtis Matt filed a grievance

        challenging removal of timekeeping duties from the clerk craft and the assumption of this

work by management. (Matt Dec. at ¶ 9.)

9.    On September 14, 2005, an arbitration hearing was held before Alan Krebs over the

Postal Service's violation of the National Agreement. (Matt Dec. at ¶ 10 and Ex. B

attached thereto at p. 1.)

10.    On November 28, 2005, Arbitrator Krebs issued his decision and award sustaining the

grievance in USPS Case No. E00C-4E-C 02224433/APWU Case No. 200202. (Matt

Dec. at ¶ 11 and Ex. B attached thereto.) This award provided that the Postal Service

violated the National Agreement by reassigning timekeeping work from the clerk craft to

supervisors at the Renton Post Office. *Id*. Although he acknowledged that with the new

TACS technology some duties that the bargaining unit used to perform had been

completely eliminated, Arbitrator Krebs found that certain duties previously performed by

the bargaining unit remained, but had been reassigned to supervisors. (Matt Dec. at ¶ 11

and Ex. B attached thereto at p. 11.) Arbitrator Krebs found that this remaining work that

the Postal Service had reassigned to supervisors included "entry of timekeeping data into

the computer system and, presumably, filing or processing timekeeping forms." *Id*. In so

finding, Arbitrator Krebs ordered that "The Postal Service shall reassign the remaining

timekeeping duties which had previously [been] performed by [a clerk] and is now being

performed by supervisors back to the bargaining unit." (Matt Dec. at ¶ 11 and Ex. B

attached thereto at p. 14.)

11.    Following the issuance of this award, on February 17, 2006, the Postal Service offered the

APWU an arbitration settlement agreement referencing this same grievance case number.

(Compl. at ¶ 10; Answer at ¶ 10; Matt Dec. at ¶ 12 and Ex. C attached thereto.) The offer

3

provided that the Postal Service would reassign back to the bargaining unit some, but not all, of the timekeeping duties currently being performed by supervisors. *Id*. The types of duties the Postal Service offered to return to the bargaining unit were largely clerical in nature and included verification of employee clock rings; processing of certain forms; printing of timekeeping reports; and filing of forms. *Id*. The offer also included the following language: "Those EAS duties directly associated with the new TACS technology will NOT to be [sic] returned to the clerk craft. These duties include: online data entries, online error correction entries, online adjustments, etc. that are presently being entered directly into TACS by EAS employees." *Id*.

12.    The entry of computer data is the largest component of the timekeeping duties that the bargaining unit had formerly performed. (Matt Dec. at ¶ 13.) The APWU did not agree to the proposed settlement because the APWU wanted full compliance with Arbitrator Krebs' award and it did not consider this offer to constitute full compliance. (Compl. at ¶ 11; Answer ¶ 11; Matt Dec. at ¶ 13.)

13.    As of the date of this pleading, the Postal Service has not returned the computer data entry timekeeping work to the bargaining unit. (Matt Dec. at ¶¶ 14, 15.)

Date: October 9, 2006                    Respectfully submitted,

                                         O'DONNELL, SCHWARTZ & ANDERSON, P.C.

                                         By:_____/s/: Brenda C. Zwack_____
                                            Brenda C. Zwack (DC Bar # 482673)
                                            1300 L Street, N.W., Suite 1200
                                            Washington, DC  20005
                                            (202) 898-1707  /  FAX (202) 682-9276

                                         *Attorneys for the American Postal Workers Union, AFL-CIO*

4