UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
AMERICAN POSTAL WORKERS UNION,  )
AFL-CIO,                        )
                                )
      Plaintiff,              )
                                )
  v.                            )   Civil No. 06-00934 (RJL)
                                )
UNITED STATES POSTAL SERVICE,   )
                                )
      Defendant.              )
_____)

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
OPPOSITION TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT**

Comes now plaintiff, American Postal Workers Union, AFL-CIO ("Union") in reply to defendant United States Postal Service's ("Postal Service") Opposition to the Union's motion for summary judgment and in opposition to the Postal Service's Cross Motion for Summary Judgment.

As a preliminary matter, the Union respectfully requests that the Court treat its October 9, 2006, motion for summary judgment as conceded because the Postal Service failed to file a timely opposition. In the parties' Joint Local Civil Rule 16.3 Statement, the parties mutually agreed that the Union would file a dispositive motion on October 9, 2006; the Postal Service would file its opposition and any dispositive cross motion by November 22, 2006; and the Union would file any reply by December 8, 2006. (Docket Entry No. 9.) The Union timely filed a motion for summary judgment on October 9, 2006. (Docket Entry No. 10.) Instead of filing a response, the Postal Service requested and the Court granted two successive extensions of time to respond to the Union's motion. The Postal Service's response was due on January 12, 2007. On

January 12, 2007, the Postal Service did not file a response but requested a third extension of time until January 19, 2007. On January 18, 2007, this Court issued a minute order denying the Postal Service's request for an extension until January 19, 2007. Following this denial, without seeking leave to do so, the Postal Service filed its untimely response on January 19, 2007.

According to Local Civil Rule 7 (b), if a memorandum of opposing points and authorities "is not filed within the prescribed time, the Court may treat the motion as conceded." In this case, the Postal Service did not file its opposition until five days after it was due and did so without seeking the Court's leave to file out of time. For this reason, the Union respectfully requests that, in accordance with Local Civil Rule 7(b), the Court treat the Union's motion for summary judgment as granted.

In the event that the Court does not deem it appropriate to treat the Union's motion as conceded, the Union submits the following reply and opposition to the Postal Service's cross motion for summary judgment.

The Postal Service has opposed the Union's motion for summary judgment on the grounds that it claims to have "complied with both the letter and the spirit of the arbitration award" and that the Union has misinterpreted the award. (Def.'s Opp. at 3.) In support of its claim that it has fully complied with the November 28, 2005, award of Arbitrator Alan Krebs ("Krebs Award"), the Postal Service points to the February 17, 2006, offer of settlement to the Union by the local postmaster. (Union's Motion for Summ. J., Dec. of Curt Matt, Exhibit C attached thereto.) Notably, the Postal Service failed to mention that the parties never agreed to or executed this proposed settlement agreement. (Union's Motion for Summ. J., Dec. of Curt Matt at ¶ 13.) The reason that the Union refused to agree to this proposed settlement agreement was

that it contained the following language:

> Those EAS [postal supervisor] duties directly associated with the new TACS technology will NOT to be [sic] returned to the clerk craft. These duties include: online data entries, online error correction entries, online adjustments, etc. that are presently being entered directly into TACS ["Time and Attendance Collection System"] by EAS employees.

(Id., and Ex. C attached thereto.)

The Union rejected this proposal because the language was contrary to the clear terms of the Krebs Award. The award provided the following:

> At the Renton Post Office, it is undisputed that the clerk craft employees, and not supervisors, exclusively performed timekeeping tasks such as entry of timekeeping data into the computer...

(Union's Motion for Summ. J., Dec. of Curt Matt ¶ 11 and Ex. B attached thereto ("Krebs Award") at 10.)

> [W]ith the implementation of TACS, certain timekeeping work was eliminated...However, other timekeeping duties previously performed by the clerk craft do still exist...Other work was transferred from the bargaining unit to supervisors at the time TACS was implemented in the Renton Post Office. This includes entry of timekeeping data into the computer...

(Id. at 11.)

> In any event, both TACS and ETC [former timekeeping system] require entry of data into the computer.

(Id. at 12.)

> The Postal Service has not demonstrated that it is more efficient for supervisors at the Renton Post Office to input data into the computer from forms such as 3971s than for clerks to continue performing these entries.

(Id. at 13.)

As the above quoted passages of the Krebs Award clearly demonstrate, the computer data

entry work that the Postal Service assigned to supervisors, following the implementation of TACS, was work previously performed by the bargaining unit. Further, not only was the computer data entry work performed by the bargaining unit generally, but by former clerk Millie Burns specifically:

> Ms. Burns' timekeeping duties were varied. They included correcting errors in clock rings, such as when employees had neglected to swipe their badges in the electronic badge reader when they went on or off duty. Some of these errors were corrected with the employee filling out a Form 1260 card, a supervisor signing off on the change, and then **Ms. Burns inputting the information from that card into the ETC computer program**. Ms. Burns would ensure that employees who are late, absent, or on leave of some type, submitted Form 3971. **She would enter the information from Form 3971 into the ETC computer program** after the form was singed by a supervisor. In a similar manner, **she would enter into the ETC program the data from Form 3189**, Request for Temporary Schedule Change for Personal convenience.

(Id. at 2-3.) (Emphasis added)

Thus, as long as the Postal Service refuses to return the computer data entry work to the bargaining unit–and such continuing refusal is demonstrated by its continued adherence to the February 16, 2006, offer retaining such work for supervisors–it is in defiance of the Krebs Award.

The Postal Service's second offer of proof of supposed compliance with the Krebs Award is a national level policy directive by John Dockins first issued after the filing of this complaint. (Def's Opp. at 12, Dec. of Clifton Wilcox, Ex. B attached thereto.) As the Postal Service admits, however, this policy directive "provided a list of remaining timekeeping duties almost identical to the [February 16, 2006] list proposed by the local postmaster." (Def.'s Opp. at 12.) Thus, this national level policy directive does nothing more than demonstrate that, after the Union filed this

lawsuit, the Postal Service at the headquarters level ratified the local postmaster's noncompliance with the Krebs Award that was initially memorialized in the February 16, 2006, proposed settlement agreement precluding return of timekeeping computer data entry work to the bargaining unit.

The Postal Service's second ground for opposing the Union's motion for summary judgment and for its cross motion for summary judgment is its claim that the Union has misinterpreted the Krebs Award. This argument is brief indeed because there is little the Postal Service could say to support this claim. The language of the Krebs Award, some of which has been quoted above, is exceedingly clear in its message: the Postal Service must return to the bargaining unit the remaining timekeeping duties that were previously performed by the bargaining unit, but that the Postal Service had reassigned to supervisors. Among those duties is the computer entry of timekeeping data. According to the Krebs Award, in no uncertain terms this work must be returned to the bargaining unit. The Postal Service has refused to do so. There is nothing unclear or complicated about the award or the Postal Service's refusal to comply. In fact, the only alleged ambiguity that the Postal Service points to is the language of its own proposed settlement agreement. (Def.'s Opp. at 14.) As such, contrary to the Postal Service's suggestion, there is no ambiguity that would necessitate a return to the arbitrator for clarification of the award. What is clear is that the Postal Service had not returned any computer data entry work to the bargaining unit and under the Krebs Award that is exactly what the Postal Service was required to do.

In addition, the Union renews its request for an order directing the Postal Service to reimburse its costs and attorneys fees incurred in the litigation of this matter. For the reasons set

forth in the Union's motion for summary judgment and based on the Postal Service's continued attempts to cloud the issue and defy the clear command of the Krebs Award, the Union asserts that it has sufficiently demonstrated that the Postal Service has acted in bad faith.

For these reasons and the reasons set forth in the Union's brief in support of its motion for summary judgment, the Union respectfully requests that the Court grant summary judgment for the Union.

Date: January 25, 2007				Respectfully submitted,

						O'DONNELL, SCHWARTZ & ANDERSON, P.C.

						By:_____/s/: Brenda C. Zwack_____
						    Brenda C. Zwack (D.C. Bar No. 482673)
						    1300 L Street, N.W., Suite 1200
						    Washington, DC  20005-4178
						    (202) 898-1707  /  FAX (202)682-9276

						*Attorneys for the American Postal Workers Union, AFL-CIO*

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Opposition to Defendant's Cross Motion for Summary Judgment was sent by First Class Mail, postage prepaid, and by the Court's electronic case filing system to:

>Beverly M. Russell
>Assistant United States Attorney
>Office of the U.S. Attorney for the District of Columbia
>555 Fourth Street, N.W., Room E-4915
>Washington, DC  20530
>beverly.russell@usdoj.gov

January 25, 2007            /s/ Brenda C. Zwack
                            Brenda C. Zwack