UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 06-00934(RJL) |
| UNITED STATES POSTAL SERVICE, | ) ) ) |
| Defendant. | ) ) |

DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S
JANUARY 18, 2007 MINUTE ORDER DENYING DEFENDANT'S THIRD
MOTION FOR EXTENSION OF TIME AND FOR AN ORDER
NUNC PRO TUNC GRANTING AN EXTENSION
TO JANUARY 19, 2007 FOR DEFENDANT TO FILE ITS RESPONSE
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Fed. R. Civ. P. 59(e) and 60(b) of the Federal Rules of Civil Procedure, Defendant, the U.S. Postal Service, by and through its undersigned attorneys, respectfully moves for reconsideration of the Court's January 18, 2007 Minute Order denying Defendant's Third Motion for an Extension of Time. Defendant additionally moves for an Order nunc pro tunc granting Defendant an extension of time to January 19, 2007 to file its response to Plaintiff's Motion for Summary Judgment.[1]

Pursuant to Local Rule 7(m), Defendant's counsel called Plaintiff's counsel to obtain Plaintiff's position on this Motion, but was informed that Plaintiff's counsel

---

[1] Defendant filed its response to Plaintiff's Motion for Summary Judgment on January 19, 2007.

was unavailable today, January 29, 2007. Accordingly, Defendant is unable to present Plaintiff's position on the relief requested herein.

Defendant's reasons for seeking such relief are set forth below.

## STANDARD OF REVIEW

"A court may grant a motion for reconsideration under Federal Rule of Civil Procedure 59(e) when there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." U.S. Commodity Futures Trading Comm'n v. McGraw-Hill, 403 F. Supp. 2d 34, 36 (D.D.C. 2005) (citing Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir 1996)); see also Mobley v. Continental Cas. Co., 405 F. Supp 2d 42, 45 (D.D.C. 2005).

Further, a Court may grant relief from judgment pursuant to Fed. R. Civ. P. 60(b).[2] A motion for relief from judgment or court order under Fed. R. Civ. P. 60(b)

---

[2] Fed.R.Civ.P. 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should

(continued...)

is committed to the sound discretion of the district court. <u>Union Mine Workers of America 1974 v. Pittson Co.</u>, 984 F.2d 469, 476 (D.C. Cir. 1993), <u>cert. denied</u>, 509 U.S. 924 (1993).  A court may grant relief from judgment or an order due to mistake, inadvertence, surprise or excusable neglect.  Fed.R.Civ.P. 60(b)(1). Relief under the Rule is provided in certain cases to preserve what the courts have held to be "the delicate balance between the sanctity of final judgments...and the incessant command of the court's conscience that justice be done in light of all the facts." <u>Good Luck Nursing Home, Inc. v. Harris</u>, 636 F.2d 572, 577 (D.C. Cir. 1980)(citations omitted).

Factors to be considered by a court on ruling on a 60(b)(1) motion are: "(1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." <u>In re Vitamins Antitrust Class Actions</u>, 327 F.3d 1207, 1209 (D.C. Cir. 2003).  Defendant believes that the circumstances supporting its requested relief are consistent with factors suggesting favorable disposition of this Motion for Reconsideration.

---

$^2$(...continued)
        have prospective application; or (6) any other reason
        justifying relief from the operation of the judgment.

## ARGUMENT

Defendant filed its third motion for an extension of time on January 12, 2007 for purposes of extending the period by which it had to file its response to Plaintiff's motion for summary judgment.  In its motion for an extension, Defendant noted (1) that the Agency provided information for Defendant's response to Plaintiff's motion for summary judgment to Defendant's undersigned counsel assigned this case on Wednesday, January 10, 2007, and (2) this counsel had three deposition preparations on January 10, 2007, depositions on January 11, in the case, <u>Schroer v. Billington</u>, Civil Action No. 05-1090(JR), which took all day, and had two depositions on January 12, 2007, in the case, <u>Chambers v. U.S. Department of the Interior</u>, Civil Action No. 05-0380(JR).  Essentially, Defendant, in this case, sought the third extension because of the work-related demands on its counsel. Consistent with its motion for an extension, Defendant filed its response to Plaintiff's Motion for Summary Judgment on January 19, 2007.  Defendant's counsel inadvertently missed the electronic mail with the Court's January 18, 2007 Minute Order, and did not become aware of the Minute Order denying Defendant's January 12, 2007 Motion for an Extension until Plaintiff submitted its Reply on January 26, 2007 and Defendant's counsel subsequently re-examined its electronic mails.  Defendant's counsel notes that it would have otherwise filed this motion for reconsideration with its response to Plaintiff's Motion for Summary Judgment. Notwithstanding this point, Defendant's motion for reconsideration pursuant to both Fed. R. Civ. P. 59(e) and 60(b) is timely-filed.

Defendant notes that its January 12, 2007 motion for an extension also was timely-filed under Fed. R. Civ. P. 6(b)(1), and given the circumstances as discussed in that Motion and repeated above, was filed by Defendant for good reason and in good faith. Defendant further notes that the filing of its response on January 19, 2007 has not resulted in significantly delaying disposition of this suit, nor has there been any indication provided to the Court that a more immediate ruling was required to avoid undue prejudice to Plaintiff, and that Defendant's January 12, 2007 motion for an extension somehow compromised the issuance of a needed, time-sensitive ruling.  Finally, Defendant points out the Court's strong preference for disposition of cases on the merits, and avoidance of prejudice to parties because of the excusable neglect of their counsel. See, e.g. U.S. v. O'Connell, CIV.A.No. 86-2133-MA, 1998 WL 103329, *2 (D.Mass. Sept. 23, 1988); see also Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995)(discussing court's preference for litigation to be resolved on the merits.)  Accordingly, for reasons stated herein, Defendant respectfully moves for reconsideration of the Court's January 18, 2007 Order, and also moves for an Order nunc pro tunc granting an extension of time to January 19, 2007 for Defendant to file its response to Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

/s/ Jeffrey A. Taylor /dch
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras /dch
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office, District of Columbia
555 Fourth St., N.W., Room E-4915
Washington, D.C. 20530
Ph:  (202) 307-0492

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Motion for Reconsideration of the Court's January 18, 2007 Minute Order Denying Defendant's Third Motion for Extension of Time and for an Order Nunc Pro Tunc Granting an Extension to January 19, 2007 for Defendant to File its Response to Plaintiff's Motion for Summary Judgment was sent by the Court's Electronic Case Filing System to counsel for plaintiff as follows:

Lee W. Jackson, Esq.
Brenda C. Zwack, Esq.
1300 L Street, N.W., Suite 1200
Washington, D.C.  20005

on this <u>29th</u> day of January, 2007.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney