UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, | )<br>)<br>) |
| Plaintiff | )<br>) |
| v. | )<br>) Civil Action No. 06-00934(RJL)<br>) |
| UNITED STATES POSTAL SERVICE, | )<br>) |
| Defendant. | )<br>) |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant United States Postal Service respectfully replies to plaintiff's memorandum in opposition to defendant's cross-motion for summary judgment. The Postal Service has fully complied with the arbitration award at issue in this case, known as the Krebs Award (see Def.'s Ex. 1, Declaration of Clifton W. Wilcox, Attach. C, USPS and APWU, No. E00C-4E-C 02224433 (Krebs, November 28, 2005)) and plaintiff's allegations to the contrary lack merit.  See Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Opposition to Defendant's Cross Motion for Summary Judgment ("Plaintiff's Reply"), at 4.  Moreover, the essence of this case is to enforce the arbitrator's award, to which the Postal Service does not object, but it is not to determine whether post-arbitral activities comply with the award, even though they do. Rather, the Postal Service does oppose the union's attempt to expand the remedy beyond that ordered by the arbitrator.

ARGUMENT

1. <u>The Postal Service Has Complied with the Krebs Award.</u>

The Krebs Award provides that the following timekeeping duties are to be returned to the bargaining unit in Renton, Washington:

- those currently being performed by supervisors,

- that were not transferred to the Seattle district office, and

- those that were previously performed by timekeeper Millie Burns. <u>See</u> Def.'s Ex. 1, Declaration of Clifton W. Wilcox, Attach. C (Krebs Award, at 14)

Those are the duties specified in the Krebs Award that must be returned to the bargaining unit in Renton, and those are the duties that the Postal Service has agreed, both verbally and in writing, to return to the bargaining unit. <u>See</u> Def.'s Mem. P.&A., at 10-12; Ex. 1, Wilcox Decl. ¶¶ 10, 15. In June 2006, the parties reached agreement as to the specific duties encompassed by the Krebs Award, including online data entry work. In discussions held between national officials of the American Postal Workers Union ("APWU") and Clifton Wilcox of the USPS Headquarters, Labor Relations Department, Mr. Wilcox stated that he:

> specifically notified M[e]ssrs. McCarthy and Morris that the Postal Service agreed to allow the bargaining unit in Renton, Washington to perform online data entry, error corrections, and related manual data input of supervisor-approved changes to the TACS database.

Def.'s Ex. 1, Wilcox Decl. ¶ 15.

Thus, there can be no question that the Postal Service has complied fully with the arbitrator's award. In its opposition memorandum, plaintiff did not

2

provide any declaration or other evidence contradicting this point. The fact that the Postal Service complied with the Krebs Award is therefore undisputed.

In addition, on February 17, 2006, the Renton postmaster wrote a letter ("the February 17th letter"), Pl.'s Mot. Summ. J., Declaration of Donald Matt (Ex. C attached thereto), providing further evidence of the Postal Service's compliance with the Krebs Award. He specifically stated that "[t]he following remaining clerk timekeeping duties formerly performed by Ms. Burns will be reassigned to a clerk in each Renton Station as needed . . ." Id. The letter listed the specific timekeeping duties to be returned to the bargaining unit. The list included duties such as daily and weekly work hour verification; processing, logging, and filing of all payroll adjustments; printing and distributing management reports; and verifying and filing requests for leave, temporary schedule changes, and other payroll information. Id. All of these duties were to be returned to the bargaining unit, and the local postmaster offered to do so in express terms.

Similarly, the Dockins Memorandum, Def.'s Ex. 1, Wilcox Decl., Attach.B, expressed the Postal Service's agreement, at the national policy level, that many timekeeping duties remained to be performed by the bargaining unit in the "post-TACS" world. Those duties included many of the same types of tasks set forth in the February 17th letter. Though the Dockins Memorandum did not directly address the Krebs Award, it also did not contain any directive or instruction that conflicted with the Krebs Award. In summary, all of the evidence shows that the Postal Service

complied with the arbitrator's order by returning the specified duties to the bargaining unit in Renton.

2.     Online Data Entry Work is not Synonymous with All Duties <u>Associated with TACS</u>

The principal objection that the Postal Service has with plaintiff's claim is its broad demand for the return of "all duties directly associated with the new TACS technology." Mem. P.&A.. In Support of Def.'s Cross-Mot. & Op. Pl.'s Mot. Summ. J., at 12. Nowhere does the Krebs Award provide such broad relief or order that unit employees perform such work. In fact, the Krebs Award sharply <u>limited</u> the type of work associated with TACS that was required to be returned to the bargaining unit. Id. at 12-13.

> The employee who had performed the timekeeping duties at issue retired when TACS was implemented. Moreover, those duties have been substantially reduced with the new technology. Some of the remaining duties were reassigned to clerks in the District office. The amount of bargaining unit work improperly assigned to supervisors is not evident from the facts presented. In these circumstances, an award of back pay would be particularly problematic and would not be fair. The Postal Service shall reassign the remaining timekeeping duties which had previously [been] performed by Ms. Burns and is now being performed by supervisors back to the bargaining unit.

See Def.'s Ex. 1, Wilcox Decl., Attach. C (Krebs Award, at 14).

Plaintiff's arguments ignore the key point that the arbitrator did not order "all duties directly associated with the new TACS technology" be performed by a unit employee. Moreover, plaintiff refers to excerpts from the Krebs Award that conflict with the actual holding reached by the arbitrator. For instance, plaintiff quotes a section of the Krebs Award that described Ms. Burns' former duties to

input computer data from postal forms used to record annual leave and temporary work hours. Pl.'s Reply at 4. In the next sentence, plaintiff alludes to this "computer data entry work" and states that so long as the Postal Service "refuses to return" this work to the bargaining unit, "it is in defiance of the Krebs Award." Id.

What plaintiff fails to mention is that this is the very type of work that was largely (and properly) eliminated as bargaining unit work by technological changes and improvements, according to the arbitrator, and which the arbitrator did not order to be returned to unit employees. Def.'s Ex. 1, Wilcox Decl., Attach. C (Krebs Award, at 11). The initial input of computer data to record scheduled and nonscheduled employee absences is precisely the type of data that TACS was designed to automate. And even if the timekeeping duties have not been eliminated by technological advances, any duties to be reassigned must meet the other limiting criteria set forth in the Krebs Award.

Other computer data entry tasks that are not required to be returned to the bargaining unit are those "directly associated with the new TACS technology," just as stated in the February 17th letter. Put another way, those tasks are "newly-created," are designed to be performed by supervisors, and did not exist prior to the implementation of TACS. See Def.'s Ex. 1, Wilcox Decl.,¶ 9.

Thus, the requirement of the Krebs Award to return computer data entry duties to the bargaining unit does not mean that the Postal Service is required to transfer all computer data entry duties performed by supervisors. Neither is the

Postal Service required to transfer "all duties associated with the new TACS technology," or duties that do not meet the other qualifiers of the Krebs Award.[1]

## CONCLUSION

For the foregoing reasons, and those stated in its memorandum supporting its Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment, and based upon the undisputed evidence, the Postal Service submits that it is entitled to summary judgment, as a matter of law. Plaintiff's motion for summary judgment, accordingly, should be denied. Alternatively, the Postal Service maintains that if the Court finds the Krebs Award to be ambiguous in terms of the scope of relief awarded, the Court should remand this case back to the arbitrator for clarification and further proceedings.

---

[1] Plaintiff regards the USPS's effort to specify the cognizable timekeeping duties with particularity, as "acting in bad faith", when it is actually plaintiff that seeks to "cloud the issue" with an unsupported and overreaching allegation as to the Postal Service's obligation under the Krebs award.

        Respectfully submitted,

        /s/ Jeffrey A. Taylor /dch
        _____
        JEFFREY A. TAYLOR, D.C. BAR#498610
        United States Attorney

        /s/ Rudolph Contreras
        _____
        RUDOLPH CONTRERAS, D.C. Bar #434122
        Assistant United States Attorney

        /s/ Beverly M. Russell
        _____

|  |  |
|---|---|
| Of counsel: | BEVERLY M. RUSSELL, D.C. Bar #454257 |
| H. Alexander Manuel | Assistant United States Attorney |
| United States Postal Service | U.S. Attorney's Office, District of Columbia |
|  | 555 Fourth St., N.W., Room E-4915 |
|  | Washington, D.C. 20530 |
|  | (202) 307-0492 |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Reply to Plaintiff's Opposition to Defendant's Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment, was sent by the Court's Electronic Case Filing System to counsel for plaintiff as follows:

Lee W. Jackson, Esq.
Brenda C. Zwack, Esq.
1300 L Street, N.W., Suite 1200
Washington, D.C.  20005

on this 5th day of February, 2007.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney